## Orban Appeal

*Frank A. Orban, Jr.,* for appellant.

*James B. Landis,* county solicitor, for the Board of Assessment and Revision of Taxes.

LANSBERRY, P. J., July 27, 1953.—This litigation presents the appeal of Mary Orban, widow, of Hooversville Borough, from the occupation assessment entered by the Somerset County Board of Assessment and Revision of Taxes under The Fourth to Eighth Class County Assessment Law of May 21, 1943, P. L. 571, 72 PS §5453.101. Although technical errors of procedure have been suggested, we prefer to dispose of the issue otherwise.

From the testimony presented at the hearing in the court of common pleas, it appears that appellant and three of her adult children are partners in the business known as Orban's Food Market in Hooversville Borough. Occasionally during the week and frequently on Saturdays when the volume of business requires, Mrs. Orban assisted the other partners or clerks in the store in the merchandise operations, her home and living quarters being in the same building as the storeroom. During the year 1952 appellant was not the manager of the store business and as a further matter of fact the testimony indicates that the business, being one of long continuation in the location, was such that a manager as such was unnecessary.

For the year 1952 appellant was assessed as "manager" for occupation tax purposes by the borough tax assessor. The board of assessment and revision of taxes, upon consideration of her appeal, affirmed the assessment as made by the local assessor. The present

appeal, authorized by section 704 of the appropriate act, was perfected, in which Mrs. Orban contends that she should have been assessed as a "houswife" and not a "manager."

The appeal must be sustained. The evidence establishes that appellant was not a manager of the food store business during the year 1952 and for that year could not be assessed as a manager.

Because of this determination we are now confronted with the question of the court's jurisdiction to enter the proper assessment. Counsel for appellant contends the court has jurisdiction to revise the assessment roll and enter the proper occupation assessment. We entertain great doubt as to such jurisdiction in the court.

It will be observed in section 602 of the act (72 PS §5453.602) that "It shall be the duty of the assessor to assess, rate and value all subjects and objects of local taxation . . ." and in section 603 (72 PS §5453.603) that the board, inter alia, shall determine the form of the assessment roll which shall include "(b) the valuation of each person's occupation", and that the assessment roll shall be prepared by the chief assessor when directed so to do, section 403 (72 PS §5453.403) providing in part as one of the duties of the chief assessor: "(3) prepare an assessment roll in the form prescribed by the board."

It must be remembered in this consideration that the imposition of an occupation tax based on an occupation classification assessment is statutory and nowhere in the statute is there any present authority for the court to make and enter the appropriate classification and assessment.

Our conclusion as to the want of judicial authority to determine the appropriate assessment becomes more persuasive when we consider the amendatory Act of January 18, 1951, P. L. 2138. By section 704 of the

Act of May 21, 1943, P. L. 571, which section relates to appeals to the common pleas court from the order of the board, it was provided that the court should proceed promptly in hearing such appeals and entering such orders and decrees "touching the matter complained of as to the judges of said court may seem just and equitable, having due regard to the valuation and assessment made of other *persons* or real estate in such county, as well as to the proper value of the *subject* or object" (Italics supplied).

This language apparently supported the alleged local practice of the authority of the court to correct the errors of the board in making the assessment. However, the above quoted section of the 1943 Act was delated in the 1951 amendment, which amendment now directs the court to ascertain the ratio used in the taxing district generally and apply that ratio to the subject matter of the appeal. Manifestly, this amendment of 1951 not only removed any supposed authority in the court to fix the assessment for occupation taxation but limited the court's jurisdiction to fixing real estate assessments when considering appeals from the board by the references to "ratio" which clearly refers to real estate valuations and not occupation assessments.

For these reasons, we now enter the following

*Order*

Now, July 27, 1953, the appeal of Mary Orban from the occupation assessment entered by the board of assessment and revision of taxes for appellant for the year 1952 is sustained at the costs of Somerset County, and the matter is accordingly referred back to the board with directions to determine the occupation assessment of appellant for the year 1952 not inconsistent herewith.